UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23180

HERNANDO QUINTERO and
ALEJANDRA GABRIELA PARRA

       Plaintiffs,

vs.

CATRINA DADELAND LLC d/b/a
CANTINA CATRINA and
JUAN CARLOS CACHOUA,

       Defendants.
_____/

## COMPLAINT

    Plaintiffs, Hernando Quintero and Alejandra Gabriela Parra, sue Defendants, Cantina Dadeland LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Hernando Quintero**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    Mr. Quintero consents to participate in this lawsuit.

    3.    Mr. Quintero was an "employee" of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

    4.    **Plaintiff, Alejandra Gabriela Parra**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    5.    Ms. Parra consents to participate in this lawsuit.

    6.    Ms. Parra was an "employee" of Defendants, as the term "employee" is defined by

1

29 U.S.C. §203(e).

7.      **Defendant Cantina Dadeland LLC** is a *sui juris* Florida for-profit limited liability company that operated under the fictitious name of Cantina Catrina. It was authorized to conduct its for-profit restaurant business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

8.      **Defendant, Juan Carlos Cachoua,** was at all times material an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying the Plaintiffs' wages.

9.      Defendants maintained control, oversight, and direction over Plaintiffs, including the ability to hire, fire, and discipline them.

10.     Defendants have been, during the past three years, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

11.     Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods, and materials that also moved through interstate commerce.

12.     Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside the State of Florida, used telephonic transmissions going outside the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside the State of Florida.

13.     Defendants' annual gross revenues derived from this interstate commerce is believed

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff and the others similarly situated worked.

14.     This Court has original jurisdiction over Plaintiffs' federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

15.     Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendants transacted business in this District, Defendants maintained their principal place of business in this District, Plaintiffs worked and were due to be paid by Defendants in this District, and Defendants most if not all of the operational decisions were made in this District.

16.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by the Plaintiffs.

17.     Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
### (By Plaintiff, Hernando Quintero)

Plaintiff, Hernando Quintero, reincorporates and re-alleges all paragraphs 1-3, and 5 through 15 as though set forth fully herein and further alleges as follows:

18.     Mr. Quintero was an hourly employee of Defendants for the time relevant to this claim.

19.     Mr. Quintero's work for Defendants was in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies due to his handling and serving liquor, beer, mixers, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also regularly and routinely traveled through interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884    FAX 305.230.4844
*www.fairlawattorney.com*

20.     Mr. Quintero worked for Defendants as a bartender, shift leader, and as an hourly general manager during his employment.

21.     Defendants were Mr. Quintero's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

22.     Mr. Quintero worked for Defendants from about August 2022 through July 28, 2024.

23.     To the extent that records exist regarding the exact dates of Mr. Quintero's employment exist, such records are believed to be in the exclusive custody of Defendants.

24.     Defendants last issued payroll on July 20, 2024, paying their employees (and Mr. Quintero) for work performed through July 14, 2024.

25.     Defendants failed and refused to pay Mr. Quintero even a minimum wage of $7.25 per hour for each of the hours he worked by not timely paying him for the hours he worked for them between July 15, 2024 and July 28, 2024.

26.     As a direct and proximate result of Defendants' violation(s) of the FLSA, as set forth above, Mr. Quintero is entitled to payment of the applicable minimum wage for all the hours she worked but not timely paid between July 15, 2024 and July 28, 2024.

27.     Defendants either recklessly failed to investigate whether their failure to timely pay Mr. Quintero at least a minimum wage for the hours he worked from July 15, 2024 to July 28, 2024 violated the Federal Wage Laws of the United States, they intentionally misled him to believe that Defendants were not required to timely pay him at least the minimum wage, and/or they concocted a scheme through which they deprived him of timely receiving the minimum wage pay earned.

28.     Mr. Quintero is entitled to an award of the minimum wages for the hours he worked from July 15, 2024, to July 28, 2024, but was not timely paid, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

4

WHEREFORE Plaintiff, Hernando Quintero, demands the entry of a judgment in his favor and against Defendants, Cantina Dadeland LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, jointly and severally, after trial by jury and as follows:

a.      That Mr. Quintero be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Mr. Quintero be awarded pre-judgment interest on all minimum wages that remain unpaid and/or were not paid timely if the Court does not award liquidated damages;

c.      That Mr. Quintero be awarded all interest allowed by law;

d.      That Mr. Quintero be made whole by awarding him appropriate minimum wage pay and other benefits wrongly denied and/or not paid timely in an amount to be shown at trial and other affirmative relief;

e.      That the Court declare Defendants to be in willful violation of the FLSA's requirement to timely pay minimum wages to their employees;

f.      That Mr. Quintero be awarded reasonable attorneys' fees, costs, and expenses under the FLSA;

g.      That Mr. Quintero be awarded such other and further relief as the Court deems just and proper; and

h.      Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA MINIMUM WAGE VIOLATION(S)
### (By Plaintiff, Alejandra Gabriela Parra)

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

Plaintiff, Alejandra Gabriela Parra, reincorporates and re-alleges paragraphs 4 through 17 as though set forth fully herein and further alleges as follows:

29.     Ms. Parra was an hourly employee of Defendants for the time relevant to this claim.

30.     Ms. Parra's work for Defendants was in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies due to her handling and serving liquor, beer, mixers, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also regularly and routinely traveled through interstate commerce.

31.     Ms. Parra worked for Defendants as a bartender during her employment.

32.     Defendants were Ms. Parra's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

33.     Ms. Parra worked for Defendants from about April 30, 2023, through July 28, 2024.

34.     To the extent that records exist regarding the exact dates of Ms. Parra's employment exist, such records are believed to be in the exclusive custody of Defendants.

35.     Defendants last issued payroll on July 20, 2024, paying their employees (and Ms. Parra) for work performed through July 14, 2024.

36.     Defendants failed and refused to pay Ms. Parra even a minimum wage of $7.25 per hour for each of the hours she worked by <u>not timely paying her</u> for the hours she worked for them between July 15, 2024 and July 28, 2024.

37.     As a direct and proximate result of the Defendants' violation(s) of the FLSA, as set forth above, Ms. Parra is entitled to payment of the applicable minimum wage for all the hours she worked but not timely paid between July 15, 2024 and July 28, 2024.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

38. Defendants either recklessly failed to investigate whether their failure to timely pay Ms. Parra at least a minimum wage for the hours she worked from July 15, 2024 to July 28, 2024 violated the Federal Wage Laws of the United States, they intentionally misled her to believe that Defendants were not required to timely pay her at least the minimum wage, and/or they concocted a scheme through which they deprived her of timely receiving the minimum wage pay earned.

39. Ms. Parra is entitled to an award of the minimum wages for the hours she worked from July 15, 2024, to July 28, 2024, but was not timely paid, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alejandra Gabriela Parra, demands the entry of a judgment in Plaintiff's favor and against Defendants, Cantina Dadeland LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, jointly and severally after trial by jury, and as follows:

a. That Ms. Parra be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Ms. Parra be awarded pre-judgment interest on all minimum wages that remain unpaid and/or were not paid timely if the Court does not award liquidated damages;

c. That Ms. Parra be awarded all interest allowed by law;

d. That Ms. Parra be made whole by awarding her appropriate minimum wage pay and other benefits wrongly denied and/or not paid timely in an amount to be shown at trial and other affirmative relief;

e. That the Court declare Defendants to be in willful violation of the FLSA's requirement to timely pay minimum wages to their employees;

7

f.     That Ms. Parra be awarded reasonable attorneys' fees, costs, and expenses under the FLSA;

g.     That Ms. Parra be awarded such other and further relief as the Court deems just and proper; and

h.     Such other and further relief as the Court deems just and proper.

<u>COUNT III – UNLAWFUL TIP CONFISCATION UNDER THE FLSA</u>
(By Plaintiff, Hernando Quintero)

Plaintiff, Hernando Quintero, reincorporates and re-alleges all paragraphs 1-3 and 5 through 15 as though set forth fully herein and further alleges as follows:

40.     Defendants charged and collected a mandatory service charge from their customers.

41.     Like most other service establishments, Defendants allowed their customers to leave discretionary gratuities above the mandatory service charge at Cantina Catrina.

42.     The discretionary gratuities (tips) that Defendants' patrons left are called "tips."

43.     Defendants exercised complete control over the credit card tips that their patrons left.

44.     The FLSA, at 29 U.S.C. §203(m)(2)(B), explicitly states that employers are not allowed to keep tips:

> **An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit.**

45.     The FLSA further states that each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

46.     The FLSA makes each "employer" jointly and severally liable for all wages, liquidated damages, attorneys' fees, and costs owed.

47.     Defendants' customers left tips for Mr. Quintero by credit card.

48.     Defendants violated the FLSA by keeping Mr. Quintero's credit card tips and/or exercising control over them and then improperly distributing them to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

49.     As a direct and proximate result of Defendants either retaining tips intended for Mr. Quintero and/or distributing them to traditionally non-tipped employees (such as owners, officers, directors, partners, or supervisors), Defendants violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Mr. Quintero.

50.     Mr. Quintero is entitled to recover as damages his tips that Defendants improperly retained and/or improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

51.     Mr. Quintero was damaged by the Defendants' improper retention and/or distribution of the tips he earned and should have received.

52.     Defendants willfully and intentionally refused to pay Mr. Quintero all the tips he earned/received during the relevant time.

53.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Mr. Quintero all of the credit card tips he earned and/or that their patrons left for him (a) violated the FLSA, (b) they either knew from prior experience or recklessly failed to

9

investigate the aforementioned practice violated the FLSA, and, (c) and then they failed to correct their violation(s) timely.

54.    Mr. Quintero is entitled to a back pay award of the credit tips he earned, but that Defendants improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Hernando Quintero, demands the entry of a judgment in his favor and against Defendants, Cantina Dadeland LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, jointly and severally, after trial by jury and as follows:

    a.    That Mr. Quintero be awarded compensatory damages for the credit card tips Defendants improperly retained and/or distributed and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Mr. Quintero be awarded pre-judgment interest on all credit card tips that Defendants improperly retained and/or distributed if the Court does not award liquidated damages;

    c.    That Mr. Quintero be awarded Mr. Quintero all interest allowed by law;

    d.    That Mr. Quintero be awarded reasonable attorneys' fees, costs, and expenses under the FLSA;

    e.    That the Court declare Defendants to be in willful violation of the FLSA's prohibition against retaining and/or distributing tips to traditionally non-tipped employees; and

    f.    That Mr. Quintero be awarded such other and further relief as the Court deems just and proper.

## COUNT IV – FLSA MINIMUM WAGE VIOLATION(S)

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

**(By Plaintiff, Alejandra Gabriela Parra)**

Plaintiff, Alejandra Gabriela Parra, reincorporates and re-alleges paragraphs 4 through 17 and 40 through 46 as though set forth fully herein and further alleges as follows:

55.     Defendants' customers left tips for Ms. Parra by credit card.

56.     Defendants violated the FLSA by keeping Ms. Parra's credit card tips and/or exercising control over them and then improperly distributing them to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

57.     As a direct and proximate result of Defendants either retaining tips intended for Ms. Parra and/or distributing them to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors), Defendants violated the 29 U.S.C. §203(m)(2)(B) of the FLSA and damaged Ms. Parra.

58.     Ms. Parra is entitled to recover as damages her tips that Defendants improperly retained and/or improperly distributed to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

59.     Defendants willfully and intentionally refused to pay Ms. Parra all the tips she earned during the relevant time.

60.     Ms. Parra was damaged by the Defendants' improper retention and/or distribution of the tips he earned and should have received.

61.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Ms. Parra all of the credit card tips he earned and/or that their patrons left for him (a) violated the FLSA, (b) they either knew from prior experience or recklessly failed to investigate the aforementioned practice violated the FLSA, and, (c) and then they failed to correct their violation(s) timely.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

62. Ms. Parra is entitled to a back pay award of the credit tips she earned, but that Defendants improperly retained/received/distributed, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Hernando Quintero, demands the entry of a judgment in his favor and against Defendants, Cantina Dadeland LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, jointly and severally, after trial by jury and as follows:

    a. That Ms. Parra be awarded compensatory damages for the credit card tips Defendants improperly retained and/or distributed and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Ms. Parra be awarded pre-judgment interest on all credit card tips that Defendants improperly retained and/or distributed if the Court does not award liquidated damages;

    c. That Ms. Parra be awarded all interest allowed by law;

    d. That Ms. Parra be awarded reasonable attorneys' fees, costs, and expenses under the FLSA;

    e. That the Court declare Defendants to be in willful violation of the FLSA's prohibition against retaining and/or distributing tips to traditionally non-tipped employees; and

    f. That Ms. Parra be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, Hernando Quintero and Alejandra Gabriela Parra, demand a trial by jury of all issues so triable.

12

Respectfully submitted this 21st day of August 2024,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
*www.fairlawattorney.com*