UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-23180-JB

HERNANDO QUINTERO and
ALEJANDRA GABRIELA PARRA,

   Plaintiffs,

v.

CATRINA DADELAND LLC d/b/a
CANTINA CATRINA and
JUAN CARLOS CACHOUA,

   Defendants.

_____/

**ORDER REGARDING PROCEDURES**

The Court enters the following Order to apprise the parties of its procedures. The parties shall comply with the following:

1. **DEFAULTS:** In the event a served Defendant does not appear in this action, the Plaintiff(s) shall file a Motion for Clerk's Default within seven days of the deadline for the Defendant to answer. Extensions of time to answer a pleading must take the form of a motion to the Court.

   Motions for Final Default Judgment, if applicable, shall be filed within seven days of the entry of a Clerk's Default. Any motions for final default judgment must comply with the Court's Standing Procedures Regarding Motions for Default Final Judgment found at:

   https://www.flsd.uscourts.gov/sites/flsd/files/Judge%20Becerra%20Standing%20Order%20re%20Motions%20for%20Default%20Judgment.pdf

2. **CERTIFICATE OF INTERESTED PARTIES:** Within fifteen days from the date the last Defendant enters an appearance in this action, the parties, including governmental parties, must file Certificates of Interested Parties and Corporate Disclosure Statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates,

affiliates, parent corporations, and other identifiable legal entities related to a party. The parties must not include the undersigned or the assigned Magistrate Judge as interested parties unless they have an interest in the litigation. Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the Certificates.

3. **JOINT SCHEDULING REPORTS:** Within twenty days from the date the last Defendant enters an appearance in this action, the parties are directed to prepare and file a Joint Scheduling Report as required by Local Rule 16.1. Disclosures required under Fed. R. Civ. P. 26(a)(l) must be made at or before the time the parties confer to develop their case management and discovery plan. The parties must certify in the Joint Scheduling Report that such disclosures have been made unless a party files an objection to a required disclosure. Such filed objection must include a full explanation of the basis for the objection. The scheduling conference may be held via video conference or in person. It may not be held by telephone.

    The Joint Scheduling Report should include a section entitled "Plaintiff's Statement of Claim" that includes: (1) an initial estimate of the total amount of alleged unpaid wages; (2) a preliminary calculation of such wages; (3) the approximate period during which the alleged FLSA violations occurred; (4) the nature of the wages (e.g., overtime or straight time); (5) the amount of attorney's fees (hours and rate) incurred to date; and, for each Defendant, a section entitled "Response to Plaintiff's Statement of Claim," setting forth in detail any defenses the Defendant(s) may raise to Plaintiff(s)' claim(s). All documents supporting Plaintiff(s)' Statement of Claim and Defendant(s)' Response (including time sheets, pay stubs, etc.) must be exchanged at least forty-eight hours before counsel meets to prepare the Joint Scheduling Report.

    Further, in drafting their Joint Proposed Scheduling Order, the parties shall utilize the Court's Template Scheduling Order, found at https://www.flsd.uscourts.gov/sites/flsd/files/TemplateSchedulingOrder.pdf.
    **Any deviation** from the guidelines set forth in the Court's Template Scheduling Order or those proposed by the Local Rules **must** be noted in the Joint Scheduling Report along with an explanation for why any deviation is being proposed. **Failure to articulate the reason(s) for any deviation from the guidelines set forth in the Court's Template Scheduling Order may result in the Court setting pre-trial deadlines and/or a trial date without regard to those proposed by the parties.**

    Additionally, **if the parties agree that an early mediation date with a United States Magistrate Judge would be helpful to a resolution of the matter, counsel shall note that request in their Joint Scheduling Report.** Counsel are advised that the Court will not set an early

   mediation with the Magistrate Judge unless the parties are in agreement that one would be helpful.

4. **FILING OF MOTIONS**: All filings must be in a 12-point font and double spaced. Single spacing is only permitted for footnotes. The required conferral under Local Rule 7.1 must be by telephone or in person. An e-mail conferral will only be permitted if counsel are in agreement as to the relief sought in the motion.

5. **EXTENSIONS OF TIME**: Requests for extensions of time, including unopposed motions, will only be granted by the Court upon an appropriate motion showing good cause why the deadline cannot be met. Absent an emergency, motions for extensions of time must be filed **no later than three business days prior to the deadline** from which relief is being sought. All requests for extensions of time must include (1) the conferral statement required under Local Rule 7.1; (2) a list of any prior motions for extension of time; (3) a specific statement regarding the circumstances necessitating the requested relief; and (4) a statement as to whether the request impacts the deadline to file a dispositive motion or trial date.

6. **SETTLEMENT APPROVAL OR REQUEST FOR SETTLEMENT HEARING:** Any motion for settlement approval filed in this case must do the following: (a) attach a copy of the settlement agreement; (b) state whether the settlement agreement would result in a complete recovery of all wages that Plaintiff(s) claimed to be owed; (c) explain, with specificity, the nature of the parties' bona fide dispute and why the settlement agreement represents a fair and reasonable resolution of that dispute; (d) as to recovery of attorney's fees, explain how the fees were calculated and why the amount of the fees is reasonable.

   If the parties wish to have the terms of the settlement approved without the need for a written settlement agreement being filed with the Court, the parties may file a Motion for Settlement Hearing whereby all material terms of the agreement are presented to the Court at a Zoom hearing. Counsel are advised that the parties must also be present for the Settlement Hearing.

   **DONE** and **ORDERED** in Miami, Florida, this 12th day of September, 2024.

   _____
   **JACQUELINE BECERRA**
   **UNITED STATES DISTRICT JUDGE**