**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-CV-23180 BECERRA**

HERNANDO QUINTERO,
ALEJANDRA GABRIELA PARRA,

    Plaintiffs,

vs.

CATRINA DADELAND LLC d/b/a
CANTINA CATRINA and
JUAN CARLOS CACHOUA,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Catrina Dadeland LLC d/b/a Cantina Catrina ("Cantina") and Juan Carlos Cachoua, file this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Hernando Quintero and Alejandra Gabriela Parra.

**PARTIES, JURISDICTION, AND VENUE**

    1.    Admitted that Plaintiff Quintero is over 18 years old and is *sui juris*. Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of paragraph 1 and therefore denies the same.

    2.    Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 2 and therefore deny the same.

    3.    The allegations of paragraph 3 consist solely of legal conclusions, which are denied.

4.  Admitted that Plaintiff Parra is over 18 years old and is *sui juris*. Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of paragraph 1 and therefore denies the same.

5.  Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 5 and therefore deny the same.

6.  The allegations of paragraph 6 consist solely of legal conclusions, which are denied.

7.  Admitted.

8.  Admitted that Mr. Cachoua is an officer of Cantina Dadeland LLC. Denied that Mr. Cachoua was solely responsible for the day-to-day operations, operational decisions, or paying Plaintiffs' wages.

9.  Denied as stated. Defendants did not maintain control, oversight, and direction over Plaintiffs. As Plaintiffs were employees of *Cantina* and not Mr. Cachoua individually, only Cantina had the ability to hire and fire Plaintiffs in connection with their employment with Cantina.

10. Denied.

11. Denied.

12. Admitted.

13. Denied as stated. Cantina's annual gross revenues do not derive from interstate commerce.

14. Admitted that the Complaint purports to raise a federal question.

15. Admitted that venue is proper in this Court.

16. Denied.

17. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 17 and therefore denies the same.

## COUNT I – FLSA MINIMUM WAGE VIOLATION
### (By Plaintiff, Hernando Quintero)

Defendants re-alleges and incorporates its responses to paragraphs 1 through 3 and 5 through 15 as though they were fully set forth herein.

18. Admitted.

19. Denied.

20. Denied.

21. The allegations of paragraph 21 consist solely of legal conclusions, which are denied.

22. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 22 at this time and therefore deny the same.

23. Denied that any records regarding Mr. Quintero's employment are in the exclusive custody of Defendants.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Any allegation not specifically admitted herein is denied.

WHEREFORE, Defendants seek a judgment of dismissal with prejudice and an award of its reasonable attorneys' fees and costs, and specifically denies that Plaintiff Quintero is entitled to the relief sought in the Wherefore clause following paragraph 28 of the Complaint.

### COUNT II – FLSA MINIMUM WAGE VIOLATION
### (By Plaintiff, Alejandra Gabriela Parra)

Defendants re-alleges and incorporates its responses to paragraphs 4 through 17 as though they were fully set forth herein.

29. Admitted.

30. Denied.

31. Denied.

32. The allegations of paragraph 32 consist solely of legal conclusions, which are denied.

33. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 33 at this time and therefore deny the same.

34. Denied that any records regarding Ms. Parra's employment are in the sole custody of Defendants.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

Any allegation not specifically admitted herein is denied.

WHEREFORE, Defendants seek a judgment of dismissal with prejudice and an award of its reasonable attorneys' fees and costs, and specifically denies that Plaintiff Parra is entitled to the relief sought in the Wherefore clause following paragraph 39 of the Complaint.

### COUNT III – UNLAWFUL TIP CONFISCATION UNDER FLSA
**(By Plaintiff, Hernando Quintero)**

Defendants re-alleges and incorporates its responses to paragraphs 1 through 3 and 5 through 15 as though they were fully set forth herein.

40. Admitted.

41. Admitted that Cantina allowed customers to leave discretionary tips. Defendants are without sufficient knowledge to admit or deny the remaining allegations of paragraph 41 and therefore deny the same.

42. The allegations of paragraph 42 consist solely of legal conclusions, which are denied.

43. Denied.

44. The allegations of paragraph 44 consist solely of legal conclusions, which are denied.

45. The allegations of paragraph 45 consist solely of legal conclusions, which are denied.

46. The allegations of paragraph 46 consist solely of legal conclusions, which are denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

Any allegation not specifically admitted herein is denied.

WHEREFORE, Defendants seek a judgment of dismissal with prejudice and an award of its reasonable attorneys' fees and costs, and specifically denies that Plaintiff Quintero is entitled to the relief sought in the Wherefore clause following paragraph 54 of the Complaint.

## COUNT IV – FLSA MINIMUM WAGE VIOLATIONS
### (By Plaintiff, Alejandra Gabriela Parra )

Defendants re-alleges and incorporates its responses to paragraphs 4 through 17 and 40 through 46 as though they were fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

Any allegation not specifically admitted herein is denied.

WHEREFORE, Defendants seek a judgment of dismissal with prejudice and an award of its reasonable attorneys' fees and costs, and specifically denies that Plaintiff Parra is entitled to the relief sought in the Wherefore clause following paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

### I. FLSA does not apply.

Defendants are not engaged in interstate commerce. Cantina was a local restaurant in Miami-Dade County and services only customer who are physically present in the restaurant. It does not ship any products across state lines nor service any customer across state lines. As such, it is not an enterprise covered by FLSA.

### II. Plaintiffs are not entitled to tips.

Plaintiffs were both employed as a general or assistant manager. Managers are not entitled to share in tips under FLSA. 29 CFR § 531.54. As such, Plaintiffs are not entitled to tips.

### III. Plaintiffs have been paid.

Plaintiffs' claims are barred by virtue of the fact they have been paid all wages owed to them in accordance with federal law. Plaintiffs have accepted these payments and Defendants are therefore released from any claims that Plaintiffs have not been paid their wages.

### IV. Defendants acted in good faith.

Plaintiffs' claims are barred by virtue of the fact Defendants acted in good faith, with reasonable grounds to believe they were not violating the law, and therefore liquidated damages should not be awarded or at the very least reduced.

Respectfully submitted,

**CALDERA LAW PLLC**
7293 NW 2nd Ave
Miami, Florida 33150
Telephone: (786) 321-3811

By: /s/ Anthony Narula
Anthony V. Narula, Esq. (FBN 56546)
anthony@caldera.law
Rasheem Johnson, Esq. (FBN 1011350)
rasheem@caldera.law
eservice@caldera.law

*Counsel for Defendants*