UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23180-BECERRA/TORRES

HERNANDO QUINTERO,
ALEJANDRA GABRIELA PARRA,
ALENA OLAZABAL, BETANIA VARGAS,
ELIS MORENO, KELVID VILLEGAS,
and MARIA HIDALGO,

    Plaintiffs,

vs.

CANTINA CATRINA LLC d/b/a
CANTINA CATRINA and
JUAN CARLOS CACHOUA,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiffs Hernando Quintero, Alejandra Gabriela Parra, Alena Olazabal, Betania Vargas, Elis Moreno, Kelvid Villegas, and Maria Hidalgo, and for Defendants Cantina Catrina LLC d/b/a Cantina Catrina and Juan Carlos Cachoua, after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order Regarding Procedures entered on September 13, 2024 [ECF No. 8]:

**(A)  The Likelihood of Settlement**

Settlement may be possible in this action seeking unpaid minimum wages and/or tips under the Fair Labor Standards Act.

**(B)  The Likelihood of Appearance in the Action of Additional Parties**

Plaintiffs are not seeking to certify a class.

**(C)  Proposed Limits on Time**

    i. <u>To join other parties and to amend the pleadings:</u> by December 2, 2024.

  ii. <u>To file and hear dispositive motions:</u> by April 15, 2025.

  iii. <u>To complete discovery:</u> by February 14, 2025.

**(D)**   **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

 None at this time.

**(E)**   **The Necessity or Desirability of Amendments to the Pleadings**

 None anticipated at this time.

**(F)**   **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

 The parties will utilize admissions of facts and stipulations regarding the authenticity of documents to avoid unnecessary proof.

**(G)**   **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

 None other than in (F), above.

**(H)**   **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

 It is likely that motions concerning discovery, costs, attorneys' fees, sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)**   **A Preliminary Estimate of the Time Required for Trial.**

 A Preliminary estimate of the time required for trial is three days by jury.

**(J)**   **Requested Date(s) for Pretrial Filings, Calendar Call, and Trial**

  1.   **Trial** – August 18, 2025.
  2.   **Calendar Call** – August 12, 2025.

     3.    **Joint Pre-trial Stipulation** – August 5, 2025.
     4.    **Motion in Limine deadline** – June 27, 2025.
     5.    **Completion of Mediation** – February 21, 2025.

**(K)**     **Any Issues Regarding:**

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

    The Parties agree that ESI may exist subject to discovery or disclosure. Such ESI will be identified and preserved in native format, to the extent they exist; however, the initial production of such documents will be in .pdf format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

    The parties anticipate that they will produce electronically stored information relating to Plaintiff's days and hours worked and pay to them initially as .pdf files, to the extent they exist. The electronic formats these files may exist are likely to include those that can be opened by Microsoft Word, Microsoft Excel, and Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). The parties agree that such discussions may be used in connection with any motion to compel.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

    If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

    If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until

the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

    The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time, although there are pattern jury instructions applicable to actions for unpaid minimum wages under the FLSA. There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

**(M)** **Mediation with a U.S. Magistrate Judge**

The parties agree that an early mediation date with a United States Magistrate Judge would be helpful to resolving this matter, and request that the Magistrate Judge assigned to this case schedule a date for the same based on the parties' availability.

**(N)** **Plaintiffs' Statement of Claim[1]**

1. **Initial Estimate:** Plaintiffs initiated and joined this action to recover their unpaid regular hourly wages, tips, and service charges. After Plaintiffs Alena Olazabal, Betania Vargas, Elis Moreno, Kelvid Villegas, and Maria Hidalgo filed their Notices of Consent to Join [ECF Nos. 9-13], Defendants issued payments to each Plaintiff, allegedly representing the Plaintiffs' unpaid regular hourly wages, tips, and service charges for work they performed between July 14 and July 28, 2024. However, Defendants have not yet provided Plaintiffs with sufficient documentation to enable them to determine whether Plaintiffs have received all tips and service charges to which they're entitled and seek to recover in this action.

    Plaintiff Hernando Quintero estimates that he is owed a total of **$1,869.80** in unpaid **tips** and **$9,346.53** in unpaid **service charges**. Plaintiff Alejandra Gabriela Parra estimates that she is owed a total of **$1,538.42** in unpaid tips and **$3,519.38** in unpaid service

---

[1] This Statement of Claim is not to be construed as a demand, nor as an exact quantification of Plaintiffs' damages, but merely as a case management tool required by the Court. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.")

charges. The remaining Plaintiffs are unable to calculate the accurately of unpaid tips and service charges they are

In addition to their unpaid regular hourly wages, overtime wages, tips, and service charges, Plaintiffs also seek to recover **liquidated damages** in an amount equal to their unpaid wages.

2. **Preliminary Calculation of Damages:** Plaintiff Hernando Quintero calculates his estimate of unpaid tips and service charges as follows:

| Months Worked | Tips Owed | Service Charges Owed |
|---|---|---|
| May 2023 | $1,865.53 | $610.51 |
| June 2023 | | $1,250.97 |
| July 2023 | | $1,172.79 |
| August 2023 | | $2,630.15 |
| September 2023 | | $1,758.88 |
| October 2023 | | $1,305.74 |
| November 2023 | | $109.94 |
| December 2023 | | $247.38 |
| January 2024 | $4.27 | $99.70 |
| February 2024 | | $105.26 |
| March 2024 | | $40.92 |
| April 2024 | | $11.74 |
| May 2024 | | $2.55 |
| **Total:** | **$1,869.80** | **$9,346.53** |

Plaintiff Alejandra Gabriela Parra calculates her estimate of unpaid wages and service charges as follows:

| Months Worked | Tips Owed | Service Charges Owed |
|---|---|---|
| December 2023 | $681.64 | $1,638.27 |
| January 2024 | $562.05 | $1,173.64 |
| February 2024 | $213.52 | $410.29 |
| March 2024 | $0 | $5.69 |
| April 2024 | $3.58 | $38.28 |
| May 2024 | $48.25 | $188.57 |
| June 2024 | $29.38 | $63.62 |
| July 2024 | $0 | $1.02 |
| **Total:** | **$1,538.42** | **$3,519.38** |

3. **Period During Which Violations Occurred:** All Plaintiffs in this case seek to recover their hourly wages, tips, and service charges which they earned, but were not paid, between July 14 and July 28, 2024. Additionally, Plaintiff Hernando Quintero seeks to recover unpaid tips and service charges between May 2023 and May 2024. Plaintiff Alejandra Gabriela Parra also seeks to recover unpaid tips and service charges between December 2023 and July 2024.

4. **Nature of Wages:** Plaintiffs seek to recover unpaid regular hourly wages, tips, and service charges.

5. **Attorneys' Fees Incurred to Date:** As of the time of this document's filing, Plaintiff has incurred the following attorneys' fees and costs:

| | | |
|---|---|---|
| Costs: | | $582.53 |
| Attorneys' Fees: | | |
| Brian H. Pollock, Esq. | ($500.00/hr × 7.40 hrs) | $3,700.00 |
| P. Brooks LaRou, Esq. | ($325.00/hr × 28.10 hrs) | $9,132.50 |
| Steffany Sanguino | ($165.00/hr × 19.89 hrs) | $3,281.85 |
| | **Grand Total:** | **$16,696.88** |

The foregoing amounts are subject to increase commensurate with the expenditure of additional time, effort, and expense in this matter.

**(N)** <u>**Response to Plaintiff's Statement of Claim**</u>

This case is still in the early stages, discovery has not been completed, and as a result the Defendants are not yet aware of all defenses that they may raise. Accordingly, Defendants reserve their rights to raise additional defenses as the case progresses, but as of now they intend to raise the following defenses in response to Plaintiff's Statement of Claim:

    **I.**    **FLSA does not apply.**

Defendants are not engaged in interstate commerce. Cantina was a local restaurant in Miami-Dade County and services only customer who are physically present in the restaurant. It does not ship any products across state lines nor services any customer across state lines. As such, it is not an enterprise covered by FLSA.

    **II.**    **Plaintiffs Quintero and Parra are not entitled to tips.**

Plaintiffs Quintero and Parra were both employed as a general or assistant manager, respectively. Managers are not entitled to share in tips under FLSA. 29 CFR § 531.54. As such, Plaintiffs are not entitled to tips.

### III.    Plaintiffs have been paid.

Plaintiffs' claims are barred by virtue of the fact they have been paid all wages owed to them in accordance with federal law. Plaintiffs have accepted these payments and Defendants are therefore released from any claims that Plaintiffs have not been paid their wages.

### IV.    Defendants acted in good faith.

Plaintiffs' claims are barred by virtue of the fact Defendants acted in good faith, with reasonable grounds to believe they were not violating the law, and therefore liquidated damages should not be awarded or at the very least reduced.

### V.    Defendant Cachoua was improperly named as a party to the lawsuit.

Mr. Cachoua is an officer of Cantina Dadeland LLC, however, he was not solely responsible for the day-to-day operations, operational decisions, or paying Plaintiffs' wages.

### VI.    Plaintiffs Olazabal, Vargas, Moreno, Villegas, and Hidalgo are improperly joined.

Plaintiffs Quintero and Parra filed a Complaint, and then later filed notices of consent to the addition of Plaintiffs Olazabal, Vargas, Moreno, Villegas, and Hidalgo (collectively, the "Additional Prospective Plaintiffs"). However, the Complaint includes no allegations or causes of action relating to the Additional Prospective Plaintiffs, the joinder rules have not been met, and as a result, Plaintiffs are in violation of Federal Rules of Civil Procedure 15 and 20. *See Dahdouh v. Rd. Runner Moving & Storage Inc.*, No. 20-CV-61936-RAR, 2021 WL 1623027, at *2 (S.D. Fla. Feb. 25, 2021).

## VII. Plaintiffs' attorneys' fees are excessive.

At this stage, Plaintiffs have done nothing more than file a Complaint and engage in preliminary settlement talks with Defendants. Thus, Plaintiffs seeking $16,696.88 for more than 55 hours of work is excessive and unreasonable.

The Defendants produced to Plaintiffs a breakdown of all hours works, wages due, and service charges collected for the pay period at-issue and Defendants are still awaiting Plaintiffs' settlement demand.

Respectfully submitted this 2nd day of October 2024.

| | |
|---|---|
| s/Patrick Brooks LaRou, Esq. | s/Anthony Narula |
| Brian H. Pollock, Esq. (174742) | Anthony V. Narula, Esq. (56546) |
| brian@fairlawattorney.com | anthony@caldera.law |
| Patrick Brooks LaRou, Esq. (1039018) | Rasheem Johnson, Esq. (1011350) |
| brooks@fairlawattorney.com | rasheem@caldera.law |
| FAIRLAW FIRM | CALDERA LAW PLLC |
| 135 San Lorenzo Avenue, Suite 770 | 7293 N.W. 2nd Avenue |
| Coral Gables, Florida 33146 | Miami, Florida 33150 |
| Telephone: (305) 230-4884 | Telephone: (786) 321-3811 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |