UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21287-CV-REID

ABIGAIL VELEZ,

       Plaintiff,

v.

D NAMAKA FACTION CORP.
D/B/A DNF INSURANCE, AND
MATHIU MUNOZ PEREZ,

       Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE REID

      Plaintiff, Abigail Velez, filed a Motion for Attorney Fees and Costs (the "Motion") against Defendants D Namaka Faction Corp. and Mathiu Munoz Perez. [ECF No. 75]. Defendants failed to file a response to the Motion, and the deadline for doing so has passed. The parties have jointly consented to magistrate judge jurisdiction. [ECF No. 66]. Accordingly, having carefully considered the Motion, the record, and the applicable law, it is **ORDERED** that Plaintiff's Motion for Attorney Fees and Costs [ECF No. 75] be **GRANTED in part and DENIED in part.**

## I.    BACKGROUND

A.  Commencement of Litigation

      Plaintiff, who is a former employee of Defendants, filed this action on April 5, 2021, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"). [ECF No. 1]. Specifically, Plaintiff claimed that she worked for Defendants from August 31, 2020, to October 22, 2020, as an insurance agent and regularly worked more than 40 hours a week. [*Id.*]. She further

claimed that Defendants (1) "recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period" violated federal wage laws; (2) "intentionally misled Plaintiff to believe that Defendants were not required to pay overtime"; and/or (3) "concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned." [*Id.* ¶ 29].

B.  Statement of Claim & Response

On May 17, 2021, Plaintiff filed her first Statement of the Claim, which estimated she was owed $22,632.00 in unpaid or underpaid regular and overtime wages and an equal amount in liquidated damages, for a total of $45,264.00. [ECF No. 20]. According to Plaintiff, that amount was "not to be construed as a demand, nor as an exact qualification of [Plaintiff's] damages, but merely as a case management tool required by the Court." [*Id.* at 1 (citing *Calderon v. Baker Concrete Const. Inc.*, 771 F.3d 807, 811 (11th Cir. 2014)]. Further, the Statement of Claim noted that because Plaintiff did not "have all of the time and pay records from her employment," she had to "estimate the hours that she worked, the pay that she received for those hours and the corresponding wages due to her." [*Id.* at 2]. Defendants filed a Statement of Response denying they owed Plaintiff unpaid minimum wages or overtime pay, because Plaintiff was a contractor, not an employee, and "was compensated for the services she rendered." [ECF No. 29.].

On September 29, 2021, Plaintiff filed her second Statement of the Claim, estimating she was owed $4,063.20 in unpaid/underpaid regular and overtime wages and an equal amount in liquidated damages, for a total of $8,126.40. [ECF No. 38 at 2]. Defendants filed a response in opposition denying they owed Plaintiff unpaid minimum wages or overtime pay. [ECF No. 45]. Specifically, Defendants argued that because Plaintiff was "paid $500 per week to assist Defendant

. . . in submitting certain reports to the [i]nsurance [c]ompanies," she was "not entitled to and [was] not due any over-time pay." [*Id*.].

C.  Settlement & Final Judgment

On December 16, 2021, the parties reached a settlement after mediation. [ECF No. 65]. The resulting Settlement Agreement required Defendants to pay the total sum of $4,000.00 to Plaintiff by January 15, 2022. [ECF No. 69]. Defendants also "stipulated and agreed to be held jointly and severally liable for a reasonable amount in attorneys' fees and costs, which w[ould] be determined by the court at a later date." [*Id*.]. On January 21, 2022, as a result of the Final Mediation Report [ECF No. 65] and Plaintiff's Notice of Settlement [ECF No. 69], the Court conducted a fairness hearing to consider the terms of the Settlement Agreement. The Court found the agreement to be a "fair and reasonable resolution of the parties' bona fide disputes" and issued an Order approving it. [ECF No. 74]. The Court also ordered Plaintiff to file a Motion for Attorneys' Fees by January 28, 2022, and Defendants to file a Response to Plaintiff's Motion by February 4, 2022. [*Id*.].

On February 6, 2022, Plaintiff filed a Motion for Entry of Default Final Judgment. [ECF. No. 77]. Plaintiff argued that Defendants failed to timely pay the settlement funds after having been provided the written notice as is required by the Settlement Agreement. [ECF No. 69 at 2]. On February 10, 2022, the Court entered final judgment in favor of Plaintiff, holding Defendants, joint and severally liable to Plaintiff in the amount of $4,000.00, exclusive of attorneys' fees and costs. [ECF No. 77].

D.  Plaintiff's Motion for Fees

On January 28, 2022, Plaintiff filed a Motion for Attorney's Fees and Costs. [ECF No. 75]. In the Motion, Plaintiff requested $28,543.50 in attorneys' fees for attorney Brian Pollock; $1,395.00

in paralegals fees; and $2,943.95 in costs for a total fee award of $32,882.45. *See* [ECF No. 75 at 10]. Defendants failed to file a response to the Motion, and the deadline for doing so has passed.

## II.    ATTORNEY'S FEE AWARD TO PLAINTIFF

Plaintiff seeks fees pursuant to 29 U.S.C. § 216(b), the parties' Settlement Agreement, and the Court's Order. *See* [ECF Nos. 65, 69, 74]. Pursuant to Local Rule 7.1(c), "the failure to timely respond to a motion may be sufficient cause to grant the motion by default." *See also Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (A "party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."). Nevertheless, even where a defendant has failed to oppose a motion for attorney's fees, courts have a corresponding duty to ensure the attorney's fees are reasonable and the costs are authorized under the applicable statute. The Undersigned will therefore examine the costs submitted by Plaintiff to determine the appropriate amount of an award.

The Eleventh Circuit has adopted the lodestar method to determine attorney's fees. *See generally Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Under the lodestar method, a reasonable attorneys' fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," and *may*, in certain circumstances, be adjusted to reach a more appropriate fee. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)).

## A.  Reasonable Hourly Rate

The Court must first determine whether Plaintiff's request for attorney and paralegal fees is based on a "reasonable" hourly rate. A reasonable hourly rate is measured by "prevailing market rates in the relevant legal community for similar services provided by lawyers of reasonably

comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

To determine reasonable South Florida hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). In the end, however, the court is deemed an expert on the issue of hourly rate and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

1) Brian Pollock's Hourly Rate

Plaintiff requests an hourly rate of $450.00 per hour for Attorney Brian Pollock, Esq., who has been a member of the Florida Bar and of the District Court for the Southern District of Florida for over twenty years. [ECF No. 75 at 6]. Mr. Pollock was admitted to practice and has practiced before the Middle District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court of the United States. [*Id.*]. Mr. Pollock has represented many employees in the Florida state, federal, and appellate courts in both individual FLSA and class/collective actions. [*Id.*]. He referenced several class/collective actions where he was appointed as class counsel in this District. [*Id.*]. *See e.g.*, *Pena v. Handy Wash Inc.*, 28 F. Supp. 3d 1289 (S.D. Fla. 2014); *Caamano v. 7 Call Center Inc.*, 2016 U.S. Dist. LEXIS 121521, No. 16-20932-CIV-GAYLES (S.D. Fla. Sept. 8, 2016); *Benjamin v. VHU Express, Inc.*, 2016 U.S. Dist. LEXIS 98430, No. 16-20642-

CIVKING/TORRES (S.D. Fla. July 14, 2016). He also referenced Eleventh Circuit cases where he is currently class counsel. [*Id.*].

Further, Mr. Pollock has been approved in this District at a billing rate of $450.00 per hour. *See Garay v. Firm Lending, LLC*, 2021 WL 3560777, at *1, 1:21-CV-21449-GAYLES, (S.D. Fla. Aug. 3, 2021); *Maceda Gonzalez v. Radiation Shield Technologies, Inc.*, 2021 U.S. Dist. LEXIS 58291 at *3, 20-23262-CIV-GOODMAN (S.D. Fla. Mar. 25, 2021). And his customary rate for new clients also remains at $450.00 per hour. *See* [ECF No. 75 at 6].

In *Phiffer v. Greenstar Landscaping*, the case provided in support of Mr. Pollock's $450.00 hourly rate, the Court recommended that Mr. Pollock was entitled to an award of $450.00 per hour because he "is a very skilled attorney, specifically in FLSA cases." *Phiffer*, 2021 WL 6424630, at *2. However, unlike *Phiffer*, the Court in *Wendel v Int'l Real Estate. News, LLC*, awarded Mr. Pollock an hourly rate of $300.00 per hour. *Wendel v. Int'l Real Est.. News, LLC.*, No. 19-21658-CIV, 2019 WL 12278752, at *2 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted sub nom. Wendel v. Int'l Real Est. News, LLC*, No. 19-21658-CIV, 2020 WL 9552161 (S.D. Fla. Jan. 2, 2020). There, the Court acknowledged Mr. Pollock's experience but reduced the rate because the case was resolved in an "abbreviated manner" by a default judgment. *Id.* ("Given the nature of this case, and the abbreviated manner in which final judgment was achieved, a premium rate (like $425.00 per hour) cannot be awarded.").

Based on the Court's own expertise and familiarity with the prevailing market rate for practitioners with like experience to the Plaintiff's Counsel herein, the Court finds the hourly rate of $450.00 per hour to be reasonable under the circumstances. *See Id.* Unlike *Wendel*, this case was resolved early in the litigation after mediation and then by an entry of Default Judgment. [ECF No. 77].

2) Paralegals' Hourly Rate

Plaintiff requests an hourly rate of $150.00 per hour for paralegals Samantha Herrera, Awilda Montalvo, and Estefania Di Mare. [ECF No. 75]. Pursuant to Local Rule 7.3(a)(5)(A), a plaintiff shall provide the ". . . experience and qualifications for each timekeeper for whom fees are sought." Plaintiff has failed to provide the necessary credentials for the paralegals, so the Undersigned is unable to determine whether the claimed hourly rate is reasonable. Nevertheless, the Undersigned researched the reasonable hourly rates for paralegals, within the Southern District of Florida.

In *Garay v. Firm Lending, LLC*, No. 1:21-CV-21449, 2021 WL 3560777, at *1 (S.D. Fla. Aug. 3, 2021), the unopposed hourly rates awarded for paralegals Samantha Herrera and Awilda Montalvo were $150.00[1]. Additionally, in *Mila v. Big Steve's Deli, LLC*, the Court found that the unopposed claimed rate of $150.00 per hour for a paralegal in an FLSA case was "within the range of rates charged in the Southern District of Florida for similar services by legal professionals of reasonably comparable skills, experience and reputation." No. 20-60367-CIV, 2020 WL 9460230, at *2 (S.D. Fla. July 15, 2020), *report and recommendation adopted*, No. 0:20-CV-60367, 2020 WL 9460219 (S.D. Fla. Aug. 3, 2020).

Because this Court has no other information regarding the paralegals' skills, experience, and reputation, and Plaintiff has failed to provide the same, as required by Local Rule 7.3(a)(5)(A), the Undersigned will award the $135.00 hourly rate.

## B. Reasonable Number of Hours Expended

The Court must next evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and the paralegals. *See Norman*, 836 F.2d at 1303. The burden

---

[1] The Court in *Garay* did not explain its reasoning for its finding of reasonableness.

rests on the prevailing plaintiff to submit a request for fees that will enable the court to determine whether time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), report and recommendation adopted sub nom. *Wales-Walden v. Ak N Eli, LLC*, No. 1:17- CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In conducting this analysis, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Counsel's time records include entries that are clerical or secretarial, excessive, or redundant. *See Galdames v. N & D Invest. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). Clerical or secretarial entries, such as scheduling, telephone calls, faxing, mailing, filing, and e-filing, "require no skill or training" and should not be billed at an attorney's rate, as they are "simple administrative tasks that can easily be completed by a full-time secretary." *Phiffer*, 2021 WL 6424630, at *2. In this case, the clerical work includes, but is not limited to, Mr. Pollock billing .1 on April 6, 2021, for "Receipt and review of Summon[]s issued to each Defendant (x3)," and billing .1 thrice on May 12, 2021, for "Receipt and review of affidavit of Service" on each

Defendant. [ECF No. 75-1 at 3]. Additionally, there are numerous instances of billing that appears redundant or more appropriately clerical, such as Mr. Pollock billing .50 hours for "Receipt and review of Order Setting Initial Planning and Scheduling Conference," or billing .20 twice for the same "Receipt and review of Defendants' Response to Statement of Claim." [ECF No. 75-1 at 3–5]. Mr. Pollock also billed 1.2 on November 1, 2021 for "Review file in preparation for tomorrow's Settlement Conference" then 4.5 on November 2, 2021 for "Continued preparation or and attendance at [S]ettlement [C]onference and finally 1.5 on November 3, 2021 for "Review file and then attend Settlement Conference (in person)."

This Court need not evaluate the proper time which should have been spent for each billing entry. Instead, this Court finds it more appropriate to reduce the total fees requested, with the appropriate hourly rates discussed above, by 35%. Plaintiff seeks fees for 63.43 hours worked by Mr. Pollock and 9.3 hours worked by the paralegals on the case. *See* [ECF Nos. 75, 75-1]. Adjusted for the hourly rate amounts discussed above, the proper fee distribution would be:

- Mr. Pollock: 64.43 x $450.00 = $28,993.50 and
- The Paralegals: 9.3 x $135.00 = $1,255.50

The total would therefore be $30,249.00. After subtracting 35% to account for entries that were clerical or secretarial, excessive, or redundant, which is $10,587.15, Plaintiff's counsel is entitled to $19,661.85 in attorneys' and paralegal fees.

## C. Adjustment to the Lodestar Amount

Plaintiff does not request that the Court adjust the lodestar in this case. [ECF No. 75]. Instead, Plaintiff requests that the Court "award . . . a reasonable attorneys' fee at the rate requested." [*Id.*]. Defendants, on the other hand, have failed to oppose the Motion and thus have not requested an adjustment to the lodestar amount. Under certain circumstances, the lodestar may

be adjusted to reach a more appropriate attorney's fee. *See Blum*, 465 U.S. at 888. However, "[a] lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (quoting *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).

Here, no further reduction of the resulting lodestar amount is warranted. "The Court recognizes that '[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Guillaume v. NY Bagel Boy, Inc.*, No. 14-80802-CIV, 2015 WL 13776788, at *1 (S.D. Fla. July 23, 2015), *report and recommendation adopted*, No. 14-80802-CIV, 2015 WL 13776789 (S.D. Fla. Dec. 10, 2015) (quoting *Powell v. Carey Intern., Inc.*, 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008)) (alteration in original). The lodestar amount of $16,467.60 is reasonable in light of the hours accounted for and the work performed by counsel.

## III. LITIGATION EXPENSES AND COSTS

Plaintiff seeks an award of $2,943.95 in costs. Under the FLSA, the Court is directed to award the prevailing party the costs of the action. *See* 29 U.S.C. 216(b). Typically, prevailing plaintiffs are limited to recovering costs enumerated in 28 U.S.C. 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Section 1920 permits recovery of fees of the clerk or marshal as long as they do not exceed the fees permitted by the statute. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332–33 (S.D. Fla. 2009). In this regard, the Court is guided by the statutory limits set forth in 28 C.F.R. 0.114(a)(3), which provides that fees charged by the United States Marshals Service for personal service of process is "$65 per hour (or portion thereof)

for each item served by one U.S. Marshals Service employee . . . ." *See Monelus*, 609 F. Supp. 2d at 1333. Section 1920 further permits "compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Here, Plaintiff requests costs for filing and service fees in the amount of $582.00, which represents $402.00 for the cost of filing the complaint, and $180.00 for the cost of serving process on Defendants. [ECF No. 75, 75-1]. Plaintiff also requests $560.00 and $420.00 for compensation of interpreters and $805.85 and $568.55 in court reporter attendance and transcript costs. Pursuant to Section 1920, Plaintiff is therefore entitled to recover $2,936.40 in costs incurred in this action. [*Id.*].

Plaintiff also seeks costs associated with certified mail and regular mail in the amount of $7.55. [*Id.*]. Those costs were incurred prior to the initiation of this action and relate to mailing demand letters to Defendants. However, costs associated with mailing, such as postage, are not recoverable under Section 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage expenses not recoverable). Accordingly, the Undersigned will deduct $7.55 from the total costs sought by the Plaintiff, for a total of $2,936.40.

## IV.  ORDER

In accordance with the above, it is **ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees and Costs [ECF No. 75] be **GRANTED in part and DENIED in part**. Plaintiff shall be awarded $16,467.60 in attorneys' fees and $2,936.40 in costs, for a total award of $19,404.00 in fees.

**DONE AND ORDERED** at Miami, Florida this 31st day of March 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record via CM/ECF**