UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-23180-JB

HERNANDO QUINTERO,
ALEJANDRA GABRIELA PARRA,
ALENA OLAZABAL, BETANIA
VARGAS, ELIS MORENO, KELVID
VILLEGAS, and MARIA HIDALGO,

    Plaintiffs,

v.

CATRINA DADELAND LLC,
d/b/a CANTINA CATRINA,
and JUAN CARLOS CACHOUA,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

On April 8, 2025, the parties reached a settlement of Plaintiffs' FLSA claims during a Settlement Conference before Magistrate Judge Edwin G. Torres, ECF No. [28]. The parties did not reach a settlement as to the attorneys' fees owed to Plaintiffs' counsel and instead agreed to litigate that issue before the Court.

On May 19, 2025, the Court heard argument on the fairness of the settlement, as well as argument on the reasonableness of the attorneys' fees (the "Hearing"), ECF No. [33]. The parties agreed to resolve this dispute for $11,976.63, allocated as follows: $168.18 in liquidated damages to Kelvid Villegas, $403.32 in liquidated damages to Maria Hidalgo, $385.92 in liquidated damages to Elis Moreno, $549.72 in liquidated damages to Alena Olazabal, $520.08 in liquidated

damages to Betania Vargas; $4,835.66—half in liquidated damages and half in back wages—to Hernando Quintero; and $4,531.22—half in liquidated damages and half in back wages—to Alejandra Gabriela Parra; and $582.53 for costs to Plaintiffs' counsel. *Id.*

Before the Court can approve a settlement of FLSA claims, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354. The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010). For the reasons stated on the record at the Hearing, the Court found the settlement as to Plaintiffs was fair and reasonable. ECF No. [33].

Pursuant to the Court's Order setting out the procedures for litigating the fees issue, Plaintiff submitted billing records requesting $37,321.35 in fees. ECF

No. [31-1]. At the end of the Hearing, the Court ordered both counsel to submit certain documentation in support of their respective positions as to the reasonableness of the fees. *Id*. On April 26, 2025, the parties filed the Stipulation notifying the Court that they had reached an agreement on the amount of the attorneys' fees, agreeing to award Plaintiffs' counsel $23,750.00. ECF No. [35].

Given that the settlement as to the amount of attorneys' fees was clearly reached separately from Plaintiffs' claims and that the parties have now reached an agreement on the amount, the Court does not need to conduct any further inquiry as to the reasonableness of the amount.

Accordingly, the case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 10th day of June, 2025.

_____
**JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE**

3