UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23180-BECERRA/TORRES

HERNANDO QUINTERO,
ALEJANDRA GABRIELA PARRA,
ALENA OLAZABAL, BETANIA VARGAS,
ELIS MORENO, KELVID VILLEGAS,
and MARIA HIDALGO,

  Plaintiffs,

vs.

CANTINA CATRINA LLC d/b/a
CANTINA CATRINA and
JUAN CARLOS CACHOUA,

  Defendants.
_____/

## PLAINTIFFS' VERIFIED MOTION TO ENFORCE SETTLEMENT AND TO AWARD FEES INCURRED IN CONNECTION THEREWITH

  Plaintiffs, Hernando Quintero, Alejandra Gabriela Parra, Alena Olazabal, Betania Vargas, Elis Moreno, Kelvid Villegas, and Maria Hidalgo, through their undersigned counsel and pursuant Local Rule 7.1, and other applicable Rules and laws, request the Court to enforce the parties' settlement of attorneys' fees based on the following good cause:

  1. The parties settled the majority of the issues involved in this matter at a settlement conference held on April 8, 2025, leaving unresolved the amount of attorney's fees to be paid to Plaintiffs' counsel. [ECF Nos. 27-28.]

  2. The parties signed a written Settlement Agreement which, in relevant part, (a) required payments due thereunder to be received at the undersigned counsel's office within 10 business days of the Court's entry of an Order approving the terms of the settlement, and (b)

entitled the prevailing party in any claim "arising out of or relating to" the written settlement agreement to be entitled to recover its attorney's fees and costs from the other party. [1]

3. The parties could not resolve the attorneys' fees to be paid to Plaintiffs' undersigned counsel, resulting in the filing of the undersigned law firm's time records with the Court, a hearing with the Court, and the filing of authority supporting the hourly rates requested. [ECF Nos. 31, 33, 34.]

4. Ultimately, the parties stipulated that Defendants would pay $23,750.00 in attorneys' fees to the undersigned counsel for the Plaintiffs. [ECF No. 35.]

5. As per the parties' agreement, the settlement funds were due to be received at the office of the undersigned within 10 [business] days after the Court's entry of a written order of approval. (*See* Email from Narula to Pollock dated May 22, 2025, at 4:52 p.m. as Exhibit 1.)

6. The Court next entered its Order Approving Settlement and Dismissing Case with Prejudice on June 10, 2025, wherein it approved the settlement of the case, including the amounts to be paid to the Plaintiffs, the amount to be paid to Plaintiffs' counsel, and the deadline associated therewith. [ECF No. 36.]

7. The Defendants have not complied with their payment obligations due under the parties' settlement by refusing to pay the $23,750.00 in attorney's fees to the undersigned counsel for the Plaintiffs.

8. The undersigned has since called and repeatedly emailed defense counsel (at least four times).

---

[1] The written settlement agreement is confidential and being submitted to the Court for *in camera* review.

9. Although defense counsel responded to those portions of the emails relating to the failure to timely pay the entirety of the amounts owed to the Plaintiffs, which were finally received a few days ago, there has been no acknowledgement or response relating to the overdue and unpaid attorneys' fees.

## **VERIFICATION**

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 10th day of July 2025,

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com

## **MEMORANDUM OF LAW**

This Court has the inherent power to enforce the settlement it approved, especially given the contentious nature of this litigation and the Defendants' reluctance to resolve or pay the attorney's fees to Plaintiffs' counsel. *See Anderson v. Alasfar*, 2023 U.S. Dist. LEXIS 22271, at *4 (S.D. Fla. Feb. 9, 2023) (enforcing settlement agreement and discussing the basis for doing so); *see also Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121-1122 (11th Cir. 1991) (district court has inherent authority to summarily enforce settlement agreement). The parties agreed on all essential terms, and should be enforced. The appropriate remedy for breach of an FLSA settlement agreement is to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date." *Gijon v. Am. Servs. Indus.*, 2016 U.S. Dist. LEXIS 48336, at *4 (S.D. Fla. Apr. 11, 2016) (entering final judgment for and awarding additional attorney's fees in enforcement to the plaintiff and plaintiff's counsel).

WHEREFORE Plaintiffs, Hernando Quintero, Alejandra Gabriela Parra, Alena Olazabal, Betania Vargas, Elis Moreno, Kelvid Villegas, and Maria Hidalgo, request the Court to enter a final judgment for attorney's fees in the principal amount of $23,750.00, plus all interest accrued thereon, plus all attorney's fees and costs.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that defense counsel did not respond to the conferral attempts identified above.

Respectfully submitted this 10th day of July 2025,

>Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:    305.230.4884
>*Counsel for Plaintiffs*